UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NERIK ILYAYEV, and<br>MUKHIDDIN KADIROV,<br><br>Defendants. | **INFORMATION**<br><br>23 Cr.<br><br>**23 CRIM 506** |

### COUNT ONE
**(Conspiracy to Commit Healthcare Fraud)**

The United States Attorney charges:

1. From at least in or about December 2020 through at least in or about April 2023, in the Southern District of New York and elsewhere, NERIK ILYAYEV, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit healthcare fraud, to wit (i) to cause Medicare and Medicaid to pay fraudulent healthcare claims for HIV medications submitted by a pharmacy in New York, New York ("Pharmacy-1") controlled by ILYAYEV, the defendant, and (ii) to cause no-fault insurance providers to pay fraudulent healthcare claims submitted by a pharmacy inQueens, New York ("Pharmacy-2") controlled by ILYAYEV, the defendant.

2. It was a part and object of the conspiracy that NERIK ILYAYEV, the defendant, and others known and unknown, knowingly and willfully, would and did execute, and attempt to execute, a scheme and artifice to defraud a healthcare benefit program and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, healthcare benefit programs, as that term is defined in Title 18, United States Code, Section 24(b), in connection with the delivery of and payment for healthcare

benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Conspiracy to Commit Money Laundering)

The United States Attorney charges:

3. From at least in or about December 2020 through at least in or about October 2022, in the Southern District of New York and elsewhere, MUKHIDDIN KADIROV, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

4. It was a part and an object of the conspiracy that MUKHIDDIN KADIROV, the defendant, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, healthcare fraud, in violation of Title 18, United States Code, Section 1347, including the healthcare fraud proceeds of Pharmacy-1, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATIONS

5.    As a result of committing the offense charged in Count One of this Information, NERIK ILYAYEV, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

6.    As a result of committing the offense alleged in Count Two of this Information, MUKHIDDIN KADIROV, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### Substitute Assets Provision

7.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
DAMIAN WILLIAMS
United States Attorney